MONTGOMERY COUNTY *v.* THE STATE, EX REL ATTORNEY-
GENERAL.

1. STOCK LAW. *Election. Collateral attack. Code* 1892, § 2061.

   In mandamus to compel a county which has not adopted the stock law to
   build half of a fence between it and an adjoining county, in which the
   law has been declared in force, or to pay half the expense of erecting
   such fence, under § 2061, code 1892, it is no defense to plead the invalid-
   ity of the election in the other county. The action of the board of
   supervisors declaring the law in force in such county cannot be assailed
   in this manner.

2. MANDAMUS. *When it lies. Joint duty.*

   Although the statute provides for the line fence to be erected *jointly* by the
   two counties, it is no answer to the petition in such case that the other
   county has already built the larger part of the fence. Notwithstanding
   this, mandamus lies to compel the defendant to defray half the cost.

3. SAME. *Alternative judgment. Objection to form.*

   In such case, it is no objection to the form of a judgment that it is in the
   alternative, commanding defendant to join in defraying the expense, *or*
   to erect half the fence.

FROM the circuit court of Montgomery county.

HON. C. H. CAMPBELL, Judge.

The state, on the relation of the attorney-general, filed the
petition in this case against the board of supervisors of Mont-
gomery county to compel said county to build half of a line
of fence between it and the adjoining county of Carroll, or
to defray half the expense of erecting the same. It alleged
that the board of supervisors of Carroll county had ordered
an election, in accordance with chapter 47, code 1892, to de-
termine whether that county would put in force the stock
law; that the election was duly held, a majority of the votes
being cast in favor of the law, and that the board had de-
clared it in force; that the law had not been put in force in

Montgomery county, and that because of this it became the duty of Montgomery county to unite with Carroll in jointly building the fence; that the board of supervisors of Montgomery county had refused to perform this duty or to defray any of the expenses of building the fence. The petition further alleged that Carroll county had made provision for building half in length of the fence. The prayer was for a writ of mandamus, commanding the defendant to build its one-half in length of said fence, or, jointly with Carroll county, to defray the expenses of building the whole.

The defendant demurred to the petition, among other grounds, assigning that said chapter 47, code 1892, was unconstitutional; that the petition failed to show a valid election in Carroll county; that it was uncertain in its allegations, and left in doubt what specific duty the defendant was called upon to perform. The demurrer was overruled, whereupon respondent pleaded the invalidity of the election in Carroll county. Among other things, it was alleged·that persons who were not qualified electors under the constitution were ·allowed to vote, and that others who were qualified were denied the right to vote; that the action of the board in declaring the result of the election to be in favor of the stock law was unauthorized and illegal. A special plea was filed, in which it was alleged that there were only about eighteen miles of fence to be built, sixteen or seventeen of which had already been constructed by Carroll county, and that several miles had been completed before the filing of the petition; wherefore,·it was averred that a writ of mandamus should not issue commanding defendant to join Carroll county in building the entire line of fence. A demurrer to the pleas was sustained, and, defendant failing to answer over, judgment was entered in accordance with the prayer of the petition, commanding the defendant to join with Carroll county in defraying half the expenses of building the fence, or that it erect one-half thereof.

Section 2061, code 1892, is as follows: " The board of su-

pervisors of counties affected by the establishment of a stock law in one of them, shall jointly build and keep in repair fences on or near the county line, to prevent stock straying from one county, in which the stock law is not in force, into the other, in which it is in force."

*Sweatman, Trotter & Knox*, for appellant.

Mandamus is to compel officers to do a certain duty. It is not within its scope to give relief or award damages for wrongs growing out of a breach of duty, or to force officers to perform a different thing based upon a supposed equity. Moses on Mandamus, 191; High's Ex. L. Rem., §§ 25, 39; 50 Miss., 642.

The statute provides in certain cases for counties to *jointly build and keep in repair* fences. Code 1892, § 2061. Here the petition is not to compel that which the law requires, but the effort is to compel Montgomery county to defray half the expenses of the fence being built by Carroll county, Montgomery having nothing to say as to the character or cost thereof. Carroll has the advantage, which it has exercised, by taking the best part of the line, leaving the remainder to be built by Montgomery county. The object is to compel it to do a different thing from that mentioned in the statute. If Carroll had built the entire fence, it may be that an action at law could have been obtained against Montgomery for half the reasonable expenses, but this right cannot be enforced by mandamus. 50 Miss., 642; *Portwood* v. *Montgomery County*, 52 *Ib.*, 523. It is placed beyond the power of Montgomery to do what the law requires. Therefore, mandamus will not lie. Moses, 88, 123; High, § 475.

The petition and writ, being in the alternative, are objectionable. High, § 539; 50 Miss., 642; 22 Wis., 397. Defendant is required to build half the fence, or to do an entirely different thing—pay half the expenses.

The court erred in sustaining the demurrer to the pleas. The petition alleged a legal election in Carroll county. The

pleas deny this, and state particularly wherein the election was illegal. It cannot be said that Montgomery county is a stranger to the election, and not affected by it. It has a direct interest, and should be allowed to inquire into the proceedings which call on it for an outlay of money. This is not a collateral attack. The election in Carroll is the foundation upon which the proceeding is based. Proof of it was a necessary part of relator's evidence. The statute provides that in mandamus the rules of pleading and proceeding applicable to actions in the circuit court shall be observed. Code 1892, § 2849. The judgment which was entered is not authorized by the statute.

*Southworth & Stevens,* for appellee.

The constitutionality of the statute is settled in *Leflore County* v. *State,* 70 Miss., 769.

There is no merit in the contention that the prayer of the petition is in the alternative. The necessity for the suit resulted from the default of defendant in the performance of a public duty declared by positive law.

The demurrers to the pleas were properly sustained. The defendant cannot, in this collateral proceeding, challenge the validity of the election in Carroll county. The election commissioners in that county are the sole judges of the matters sought to be inquired about. *Schulherr* v. *Bordeaux,* 64 Miss., 59. The legislature was invested with full power to declare upon what contingency the law should be called into operation. It might have left entirely to the decision of the board of supervisors of Carroll county to determine whether the fence should be erected. This is a matter of legislative discretion. At any rate, the result of the election is not open to collateral attack. *McDonald* v. *State,* 68 Miss., 728; *Conrad* v. *State,* 70 *Ib.,* 733. In the latter case, it was held that a local option election could not be collaterally attacked, even in a criminal case. By § 2058, code 1892, the contingency upon which the stock law should be called into operation is

declared to be the decision of the board of supervisors of the county. Its decision is conclusive. On this point, see McCreary on Elections, § 281; Paine on Elections, §§ 951–953; 21 How. (U. S.), 539.

CAMPBELL, C. J., delivered the opinion of the court.

The demurrer to the several pleas was properly sustained, and, as the defendant declined to plead over, judgment was rightly given for the plaintiff. The decision of the board of supervisors of Carroll county was unassailable by the defendant in the manner attempted, and nothing remained for the board of supervisors to do except to join Carroll in building and keeping in repair the required fence, which is a necessity to the people of Montgomery county, and which its board of supervisors should make haste to do in their interest.

We find no fault with the form of the judgment. It conforms to the law, and no difficulty will be found in executing it.

*Affirmed.*